**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: ROBERT WAYNE SIMS,**
**Debtor.**

**CASE NO. 26-00138-JAW**
**CHAPTER 7**

---

**LANDRI TARBUTTON McINTOSH and**
**JAMES KENNETH TARBUTTON,**

**PLAINTIFFS**

**v.**

**ADV. PROC. NO. 26-00023-JAW**

**ROBERT WAYNE SIMS**

**DEFENDANT**

**DEFENDANT'S ANSWER TO COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT AND OTHER RELIEF**

COMES NOW Robert Wayne Sims ("Defendant"), by and through undersigned counsel, and files this Answer to the Complaint for Determination of Dischargeability of Debt and Other Relief filed by Landri Tarbutton McIntosh ("Landri") and James Kenneth Tarbutton ("Ken") (collectively, "Plaintiffs"). Except as expressly admitted below, Defendant denies the allegations of the Complaint and demands strict proof thereof.

Pursuant to Federal Rule of Bankruptcy Procedure 7012(b), Defendant consents to this Court's entry of final orders and judgment in this adversary proceeding. This consent is procedural only and does not constitute an admission of liability, damages, or nondischargeability.

**ANSWERS TO NUMBERED ALLEGATIONS**

1. Defendant admits that this Court has subject-matter jurisdiction under 28 U.S.C. §§ 157 and 1334 and that a proceeding to determine dischargeability under 11 U.S.C. § 523(a)(6) is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Defendant denies the applicability of 11

U.S.C. § 1328 to this Chapter 7 case and denies any remaining legal conclusions inconsistent herewith.

2. Admitted.

3. Defendant admits that Landri and Ken are adult residents of Madison County, Mississippi, that Ken is Landri's father, and that Plaintiffs state that they consent to this Court's jurisdiction and liquidation of their claims.

4. Defendant admits the allegations concerning his identity, residence, bankruptcy case, and representation by undersigned counsel. Defendant denies any remaining allegation inconsistent herewith.

5. Defendant admits that Plaintiffs filed the referenced Civil Action, that Defendant filed his Chapter 7 petition on January 21, 2026, that the bankruptcy filing stayed continuation of the Civil Action, and that Stephen Smith was appointed Chapter 7 Trustee. The court records speak for themselves.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Defendant admits that he consumed alcoholic beverages and otherwise denies the remaining allegations to the extent a response is required.

11. Defendant admits that he became upset concerning the presence and interaction of a gentleman whom Landri had previously dated, left Shucker's, and went home. Defendant denies the remaining allegations and characterizations.

12. Defendant admits that Landri later came to Defendant's home.

13. Defendant admits that a discussion occurred between Landri and Defendant concerning the events at Shucker's. Defendant denies any remaining characterization.

14. Denied. Defendant specifically denies punching Landri in the mouth or dragging her by her hair.

15. Defendant admits that Landri called Ken. Defendant is without sufficient knowledge to admit or deny the precise contents of that conversation and therefore denies the remaining allegations. Defendant specifically denies that he assaulted Landri.

16. Defendant admits that Ken arrived at Defendant's residence and that a physical altercation occurred. Defendant denies that he initiated the physical altercation and denies the acts alleged in this paragraph. Defendant states that Ken entered through a private gate onto Defendant's property without Defendant's permission and struck Defendant first, and that Defendant acted in self-defense.

17. Denied. Defendant specifically denies striking Landri while she intervened and denies causing her head injury. Defendant states that Landri's head injury occurred when she fell while intervening in the altercation rather than from a blow by Defendant.

18. Defendant admits that he went into his residence after the physical altercation. Defendant is without sufficient knowledge to admit or deny whether or when Plaintiffs contacted law enforcement or sought medical treatment after leaving Defendant's residence and therefore denies the remaining allegations.

19. Defendant admits that charges were filed in the Justice Court of Madison County arising from the incident involving Landri and that he entered a guilty plea in connection with a non-adjudication disposition in which adjudication was withheld and conditions were imposed. Defendant denies that restitution remains unpaid or that the criminal matter remains pending.

Defendant states that the required restitution was paid, the conditions were completed, and the records have been expunged. Defendant denies the characterization of the underlying event as an "attack" by Defendant.

20. Defendant admits that charges were filed in the Justice Court of Madison County arising from the incident involving Ken and that he entered a guilty plea in connection with a non-adjudication disposition in which adjudication was withheld and conditions were imposed. Defendant denies that restitution remains unpaid or that the criminal matter remains pending. Defendant states that the required restitution was paid, the conditions were completed, and the records have been expunged. Defendant denies the characterization of the underlying event as an "attack" by Defendant.

21. Defendant admits that Landri sustained injuries during the incident but denies that those injuries resulted from intentional, willful, or malicious conduct by Defendant. Defendant specifically denies causing Landri's head injury and states that the head injury occurred when Landri fell backward while intervening in the altercation. Defendant denies the remaining allegations concerning causation, the nature and extent of injuries, and damages.

22. Defendant admits that Ken sustained injuries during the physical altercation. Defendant denies that he acted intentionally, willfully, or maliciously as alleged; denies the nature, extent, duration, and permanency of the injuries and damages claimed except as proven by competent evidence; and states that Ken initiated the physical contact and Defendant acted in self-defense.

23. Defendant admits that he later surrendered to law enforcement and was charged. Defendant denies the remaining allegations, including that he engaged in intentional, willful, or malicious conduct, the descriptions and inferences drawn from photographs, the alleged

sequence of events, and Plaintiffs' characterization of the cause and extent of their injuries and damages.

24. Denied.

25. Defendant admits that he entered guilty pleas in connection with non-adjudication dispositions. Defendant denies that those matters, which have since been completed and whose records have been expunged, establish civil liability, collaterally estop Defendant, or otherwise foreclose any defense in this adversary proceeding. Defendant denies the remaining legal conclusions.

26. Paragraph 26 states legal authorities and conclusions to which no response is required. To the extent a response is deemed required, Defendant denies that the cited authorities establish liability, the absence of a defense or justification, damages, or nondischargeability under the facts of this case.

27. Defendant admits that guilty pleas were entered as part of the non-adjudication procedure and that conditions were imposed. Defendant states that restitution was paid, the conditions were completed, and the records were expunged. Defendant denies that the dispositions constitute admissions having preclusive effect in this proceeding and denies the remaining legal conclusions.

## AFFIRMATIVE DEFENSES AND ADDITIONAL MATTERS

1. Plaintiffs bear the burden of proving each element of 11 U.S.C. § 523(a)(6), including that any debt at issue is for a willful and malicious injury caused by Defendant. Defendant denies that Plaintiffs can satisfy that burden.

2. As to Ken, Defendant pleads self-defense and, to the extent applicable, defense of his person and premises. Defendant alleges that Ken entered through a private gate onto Defendant's

property without permission and initiated the physical contact by striking Defendant first. Any force used by Defendant was responsive to that conduct and was not a willful and malicious injury within the meaning of § 523(a)(6).

3. As to Landri, Defendant denies punching her, dragging her by her hair, or striking her while she intervened. Defendant alleges that Landri's head injury resulted from her fall while intervening in the altercation and not from a blow by Defendant. Defendant therefore denies causation as to the injuries attributed to him.

4. Plaintiffs' conduct during the incident is relevant to Defendant's defenses of self-defense and justification, as well as causation, mitigation, and damages, and Defendant is entitled to any corresponding defenses, reductions, allocations, and limitations available under applicable law.

5. To the extent the evidence establishes an agreement resolving Plaintiffs' civil claims arising from the incident in exchange for payment or other consideration, Defendant pleads payment, accord and satisfaction, settlement, waiver, estoppel, and release.

6. The court-ordered restitution was paid. Defendant is entitled to credit, setoff, or reduction for all sums previously paid to Plaintiffs or for their benefit and to protection against any double recovery.

7. Defendant denies that the completed non-adjudication proceedings, whose records have been expunged, establish liability or nondischargeability and preserves all objections concerning their admissibility, use, and preclusive effect.

8. Defendant denies that Plaintiffs are entitled to punitive damages, attorneys' fees, or other extraordinary relief and demands strict proof of both legal entitlement and amount.

Defendant further preserves all defenses concerning causation, mitigation, reasonableness, necessity, duplication, permanency, interest, and the amount of damages.

WHEREFORE, Defendant Robert Wayne Sims respectfully requests that the Complaint be dismissed with prejudice; that Plaintiffs take nothing on their request for a determination of nondischargeability except to the extent, if any, established by competent evidence and applicable law; that any damages be reduced by all applicable payments, credits, offsets, and limitations; that Plaintiffs' requests for punitive damages, attorneys' fees, and other extraordinary relief be denied; and that Defendant be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,

ROBERT WAYNE SIMS

By: /s/ Thomas C. Rollins, Jr.
THOMAS C. ROLLINS, JR. (MSB #103469)
THE ROLLINS LAW FIRM, PLLC
Post Office Box 13767
Jackson, Mississippi 39236
Attorney for Robert Wayne Sims

**CERTIFICATE OF SERVICE**

I certify that on the date this pleading is filed, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record and registered participants.

/s/ Thomas C. Rollins, Jr.
THOMAS C. ROLLINS, JR.